September 10, 2025

Clerk of Court
U.S. District Court, Eastern District of Pennsylvania
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

Re: New Civil Rights Case Filing - Request for Summonses

Dear Clerk:

REC'D SEP 1 9 2025

Enclosed please find for filing:

1. Original Complaint with exhibits
2. Civil Cover Sheet (JS-44)
3. Filing fee of $402
4. Emergency Motion for TRO with Proposed Order

Please prepare summonses for all named defendants and we request electronic access.

Thank you,

*Carolyn Smith*
Carolyn Smith

Dr. Tamiera Harris

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**REC'D SEP 1 9 2025**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2119 Granite Street, Philadelphia, PA 19124 and 3330 Potter Street, Philadelphia PA 19134

Address of Defendant: City of Philadelphia Law Department et al., 1515 Arch Street, Ste 15 Philadelphia PA 19102

Place of Accident, Incident or Transaction: Philadelphia Family Court 1501 Arch Street, Philadelphia PA 19102

---

**RELATED CASE, IF ANY:**

Case Number: 2:20-cv-01512     Judge: Paul S. Diamond     Date Terminated: 08/01/2025

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☑ | No ☐ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/10/2025     *Carolyn Smith*     
Must sign here
*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.     *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* 42 U.S.C. § 1983, 1985, 1986; ADA, Const

**B.     *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Carolyn Smith and Tamiera Harris , counsel of record or pro se plaintiff, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:
- ☐ Relief other than monetary damages is sought.

DATE: 09/10/2025     *Carolyn Smith*     
Sign here if applicable
*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CAROLYN SMITH, in her individual capacity
and as Permanent Legal Custodian of T.A.H., a minor,
3330 Potter Street, Philadelphia, PA 19134;
and **DR. TAMIERA HARRIS GRIFFIN**, in her individual capacity,
2119 Granite Street, Philadelphia, PA 19124,

**Plaintiffs,**

v.

REC'D SEP 1 9 2025

CITY OF PHILADELPHIA;
**MICHAEL MON, ESQ.**, Deputy City Solicitor,
in his individual and official capacities;
**RACHEL McHALE, ESQ.**, Assistant City Solicitor,
in her individual and official capacities;
**ROBERT AVERSA, ESQ.**, City Solicitor,
in his individual and official capacities;
**KATHLEEN BOLA KIM, ESQ.**, Assistant City Solicitor,
in her individual and official capacities;
**SHEREE STRAUSS**, Legal Assistant/DHS Records Custodian,
in her individual and official capacities;
**MEAGAN MIRTENBAUM, ESQ.**, Divisional Deputy City Solicitor,
in her individual and official capacities;
**KIMBERLY ALI**, Commissioner of DHS,
in her individual and official capacities;
**SAMUEL B. HARRISON III**, Deputy Commissioner,
Child Welfare Operations, DHS,
in his individual and official capacities;
**VANESSA GARRETT HARLEY**, Deputy Mayor for the Office
of Children and Families, in her individual and official capacities;
**JAMES WINSTON MARTIN, ESQ.**,
in his individual capacity;
**MAUREEN PIE, ESQ.**,
in her individual capacity;
**LISA MARIE VISCO**, Child Advocate,
in her individual capacity;

**AARON MIXON, ESQ.,**
in his individual capacity;
**SEAN FORMAN**, Social Worker/Adoption Branch,
in his individual and official capacities;
**ANTHONY MAZZELLA**, Adoption Clerk,
in her individual and official capacities;
**KIMBERLY TOBIN**, Director of Common Pleas Court,
in her individual and official capacities;
and **JOHN/JANE DOES 1-10**, Unknown DHS Officials,
in their individual and official capacities,

**Defendants.**

**Civil Action No. _____**
  **JURY TRIAL DEMANDED**


*Carolyn Smith*

Carolyn Smith, Pro Se
 3330 Potter Street
 Philadelphia, PA 19134
267-298-8002
phillyfacesorg@gmail.com

Dr. Tamiera Harris Griffin, Pro Se
 2119 Granite Street
 Philadelphia, PA 19124
tamiera.harris@gmail.com
215-987-6860

Dated: September 9, 2025

**TABLE OF CONTENTS**

---

**UNITED STATES DISTRICT COURT**     **1**
    FOR THE EASTERN DISTRICT OF PENNSYLVANIA     1
    FEDERAL CASES     3
    FEDERAL STATUTES     5
    STATE STATUTES     5
    RULES     5
**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. §§ 1983, 1985, AND 1986, THE AMERICANS WITH DISABILITIES ACT, AND SUPPLEMENTAL STATE LAW CLAIMS**     **6**
    INTRODUCTION     6
    JURISDICTION AND VENUE     6
    PARTIES     7
       A. Plaintiffs     7
       B. Municipal Defendant     8
       C. Individual Defendants - City Officials     8
       D. Court Personnel     9
       E. Court-Appointed Individuals     10
    FACTUAL ALLEGATIONS     11
       A. The Child's History and Termination of Parental Rights     11
       B. The 2021 PLC Order and Termination of DHS Jurisdiction     11
       C. Discovery of Birth Mother Fraud - July 2, 2025     11
       D. The Failed Prior Adoption Attempt     12
       E. The Current Adoption Petition and Statutory Violations     12
       F. Secret Hearings Without Notice     13
       G. December 11, 2024: Threats and Silencing     13
       H. The False Legal Brief     13
       I. Cease and Desist Ignored     13
       J. May 21, 2025: "I Don't Want You Here"     14
       K. Disparate Treatment - ADA Violations     14
       L. Criminal Complaint and Retaliation     14

M. Family Finding Violations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
N. Ongoing Daily Violations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
O. Pattern of Discrimination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
P. Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
CLAIMS FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
COUNT I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
COUNT II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
COUNT III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
COUNT IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
COUNT V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
COUNT VI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
COUNT VII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
COUNT VIII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
COUNT IX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
COUNT X . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
COUNT XI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
COUNT XII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
COUNT XIII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
COUNT XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
JURY DEMAND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
VERIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
EXHIBIT LIST . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

Ashcroft v. Iqbal, 556 U.S. 662 (2009)

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)

Bounds v. Smith, 430 U.S. 817 (1977)

County of Sacramento v. Lewis, 523 U.S. 833 (1998)

Elrod v. Burns, 427 U.S. 347 (1976)

Estate of Smith v. Marasco, 318 F.3d 497 (3d Cir. 2003)

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)

Griffin v. Breckenridge, 403 U.S. 88 (1971)

In re G.B., 227 A.3d 364 (Pa. Super. 2020)

In re Murchison, 349 U.S. 133 (1955)

Kay v. Ehrler, 499 U.S. 432 (1991)

Mathews v. Eldridge, 424 U.S. 319 (1976)

Memphis Light, Gas & Water Division v. Craft, 436 U.S. 1 (1978)

Monell v. Department of Social Services, 436 U.S. 658 (1978)

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)

Patsy v. Board of Regents, 457 U.S. 496 (1982)

Reilly v. City of Harrisburg, 858 F.3d 173 (3d Cir. 2017)

Rogin v. Bensalem Township, 616 F.2d 680 (3d Cir. 1980)

Santosky v. Kramer, 455 U.S. 745 (1982)

Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013)

T.B. v. L.R.M., 786 A.2d 913 (Pa. 2001)

Tennessee v. Lane, 541 U.S. 509 (2004)

Troxel v. Granville, 530 U.S. 57 (2000)

Village of Arlington Heights v. Metro. Housing Dev. Corp., 429 U.S. 252 (1977)

West v. Atkins, 487 U.S. 42 (1988)

Whalen v. Roe, 429 U.S. 589 (1977)

Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008)

Younger v. Harris, 401 U.S. 37 (1971)

**FEDERAL STATUTES**

28 U.S.C. § 1331
28 U.S.C. § 1343
28 U.S.C. § 1367
28 U.S.C. § 1391
28 U.S.C. § 1746
28 U.S.C. §§ 2201-2202
42 U.S.C. § 671(a)(29)
42 U.S.C. § 1983
42 U.S.C. § 1985
42 U.S.C. § 1986
42 U.S.C. § 1988
42 U.S.C. § 12132 (ADA Title II)

**STATE STATUTES**

23 Pa.C.S. § 2530(c)
23 Pa.C.S. § 2711(a)(5)
23 Pa.C.S. § 2724(a)
23 Pa.C.S. § 2731(b)
23 Pa.C.S. § 2902(a)
23 Pa.C.S. § 2908

**RULES**

Fed. R. Civ. P. 5.2
Fed. R. Civ. P. 23
Fed. R. Civ. P. 65
Local Rule 205.4
Pa.R.P.C. 3.3(a)(1)

**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. §§ 1983, 1985, AND 1986, THE AMERICANS WITH DISABILITIES ACT, AND SUPPLEMENTAL STATE LAW CLAIMS**

## INTRODUCTION

1. This civil rights action arises from Defendants' systematic deprivation of Plaintiffs' constitutional rights through a decade-long pattern of unlawful conduct in connection with the adoption proceedings of minor child T.A.H. This action does not seek review of the state court's July 2, 2025 judgment dismissing the adoption petition, which is currently on appeal to the Superior Court of Pennsylvania. Rather, Plaintiffs challenge the unconstitutional manner in which proceedings were conducted, ongoing deprivations of constitutional rights, and continuing violations that occur daily.

2. Since 2015, when T.A.H. was born and both biological parents' rights were terminated, Defendants have engaged in a coordinated campaign to prevent the child's adoption by her maternal cousin, Dr. Tamiera Harris Griffin, despite the full consent of the child's Permanent Legal Custodian, Carolyn Smith.

3. The violations include conducting secret hearings without notice on October 30, 2024 and May 21, 2025; filing demonstrably false legal documents on January 17, 2025; denying equal access to electronic filing systems; withholding the February 4, 2021 PLC Order from Ms. Smith for over four years; threatening family separation on December 11, 2024; and maintaining T.A.H.'s address as a DHS facility despite jurisdiction terminating on February 4, 2021.

4. Most egregiously, evidence discovered on July 2, 2025, through Judge Irvine's dismissal opinion, reveals that DHS withdrew the biological mother's voluntary consent dated September 30, 2015, which was specifically intended for Dr. Harris Griffin to adopt T.A.H., and instead pursued involuntary termination to place the child with strangers—all while concealing this fraud from Plaintiffs and the mother herself for nearly a decade.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3) and (4) (civil rights), and 42 U.S.C. § 1983.

6. This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. This Court has jurisdiction to grant injunctive relief pursuant to 42 U.S.C. § 1983 and Fed. R. Civ. P. 65.

8. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because all events giving rise to the claims occurred in Philadelphia County, Pennsylvania.

10. Plaintiffs are entitled to attorneys' fees under 42 U.S.C. § 1988.

11. Exhaustion of administrative remedies is not required under *Patsy v. Board of Regents*, 457 U.S. 496 (1982).

12. This action does not seek review of any state court judgment and therefore the Rooker-Feldman doctrine is inapplicable. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

13. To the extent Defendants may invoke *Younger v. Harris*, 401 U.S. 37 (1971), abstention is inappropriate because the constitutional violations challenged here are separate from the merits of any state proceedings.

## PARTIES

### A. Plaintiffs

14. **Plaintiff CAROLYN SMITH** is the maternal grandmother and court-appointed Permanent Legal Custodian of T.A.H., born July 27, 2015, pursuant to Order entered February 4, 2021, in Case No. CP-51-AP-0000741-2018. Under 23 Pa.C.S. § 2711(a)(5), she possesses "all of the rights and duties which a guardian of the person of a minor would have," including the exclusive right to consent to adoption. She is a dedicated Pennsylvania State employee approaching retirement after nearly 30 years of public service. Ms. Smith brings this action in her individual capacity asserting violations of her own constitutional rights.

15. **Plaintiff DR. TAMIERA HARRIS GRIFFIN** is T.A.H.'s maternal cousin who has served as her primary caregiver since birth on July 27, 2015, when the biological mother placed the child directly with her at the hospital. The biological mother signed a voluntary adoption agreement on September 30, 2015, specifically intending for Dr. Harris Griffin to adopt T.A.H. (Exhibit K). DHS was aware of this family placement and conducted monthly home visits to Dr. Harris Griffin's residence for several years. As a direct and proximate result of Defendants' decade-long campaign of constitutional violations, Dr. Harris Griffin has been diagnosed with disabilities qualifying under the Americans with Disabilities Act. She is a clinical researcher and published author who has provided a stable, loving home for T.A.H. throughout her life.

### B. Municipal Defendant

16. **Defendant CITY OF PHILADELPHIA** operates DHS and employs the City Solicitors. The City is sued under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for maintaining policies, practices, and customs that violate constitutional rights, including but not limited to: (a) permitting attorneys to appear in proceedings where they lack standing; (b) denying electronic filing access to pro se litigants; (c) conducting proceedings without notice; (d) ignoring cease and desist demands; (e) failing to train

employees on jurisdictional limits; and (f) maintaining discriminatory practices in adoption proceedings.

## C. Individual Defendants - City Officials

17. **Defendant MICHAEL MON, ESQ.** is Deputy City Solicitor who violated Plaintiffs' rights by: (a) continuing to appear in proceedings after DHS jurisdiction terminated on February 4, 2021; (b) filing a false legal brief on January 17, 2025, stating "The answer to both questions is a clear 'No.' A PLC custodian does not have the authority to unilaterally transfer or cause the transfer of custody of the child to another person, such as through an adoption" (Exhibit D); (c) refusing to leave proceedings on May 21, 2025, when Dr. Harris Griffin explicitly stated "I don't want you here" (Exhibit I, p. 7); (d) threatening on December 11, 2024, that "if the PLC's vacated then the child comes back to DHS" (Exhibit H, Transcript p. 21); and (e) violating the May 6, 2025 cease and desist demands sent via certified mail.

18. **Defendant RACHEL McHALE, ESQ.** is Assistant City Solicitor supervising Mon who violated Plaintiffs' rights by: (a) failing to correct Mon's false legal brief despite her supervisory duty; (b) allowing Mon to continue appearing in proceedings where DHS lacked jurisdiction; (c) receiving the cease and desist letter on May 6, 2025, yet taking no corrective action; and (d) demonstrating deliberate indifference to known constitutional violations under her supervision.

19. **Defendant ROBERT AVERSA, ESQ.** is City Solicitor with final policymaking authority who violated Plaintiffs' rights by: (a) having no legitimate role in adoption proceedings yet allowing his office to continue interference; (b) receiving the May 6, 2025 cease and desist letter but taking no corrective action; (c) maintaining policies allowing unauthorized appearances; and (d) permitting his subordinates to file false legal documents.

20. **Defendant KATHLEEN BOLA KIM, ESQ.** is Assistant City Solicitor who violated Plaintiffs' rights by: (a) having no legitimate role in adoption proceedings; (b) accessing confidential adoption information despite lack of standing; (c) continuing involvement after receiving the May 6, 2025 cease and desist letter; and (d) creating the appearance of impropriety by City attorneys monitoring private family matters.

21. **Defendant SHEREE STRAUSS** is DHS Records Custodian who continues to violate Plaintiffs' rights daily by: (a) withholding the February 4, 2021 PLC Order from Ms. Smith for over four years; (b) denying Ms. Smith access to all requested records about her ward; (c) responding to formal written records requests submitted April 11, 2025, only with demands for phone calls; (d) refusing to provide the family finding report required under 42 U.S.C. § 671(a)(29); and (e) violating the Pennsylvania Right-to-Know Law.

22. **Defendant MEAGAN MIRTENBAUM, ESQ.** is Divisional Deputy City Solicitor who violated Plaintiffs' rights by: (a) being present at the May 21, 2025 hearing and

witnessing Dr. Harris Griffin tell Mon "I don't want you here"; (b) supporting Mon's refusal to leave; (c) participating in proceedings after receiving cease and desist notice; and (d) supervising unconstitutional conduct.

23. **Defendant KIMBERLY ALI** is Commissioner of DHS with final policymaking authority who violated Plaintiffs' rights by: (a) maintaining policies causing this 10+ year delay while other adoptions complete in 90 days; (b) allowing DHS attorneys to appear after jurisdiction terminated February 4, 2021; (c) receiving the May 6, 2025 cease and desist letter and taking no corrective action; and (d) demonstrating deliberate indifference to violations under her authority.

24. **Defendant SAMUEL B. HARRISON III** is Deputy Commissioner of Child Welfare Operations since January 2020 who violated Plaintiffs' rights by: (a) having direct supervisory authority over adoption proceedings yet allowing continued obstruction; (b) signing documentation attempting non-relative adoption without conducting federally required family finding (Exhibit O); (c) failing to correct false claims about PLC consent authority; (d) allowing DHS to maintain T.A.H.'s address at a DHS facility; and (e) permitting involvement after jurisdiction terminated.

25. **Defendant VANESSA GARRETT HARLEY** is Deputy Mayor for the Office of Children and Families who oversees the Philadelphia Department of Human Services and violated Plaintiffs' rights by: (a) establishing policies that continue to obstruct this adoption; (b) overseeing the 2016-2018 period when DHS concealed the biological mother's voluntary termination intended for family adoption; (c) creating institutional practices of pursuing stranger adoption over family placement; and (d) failing to implement family finding procedures required by federal law.

### D. Court Personnel

26. **Defendant SEAN FORMAN** is Social Worker in the Adoption Branch who violated Plaintiffs' rights by: (a) creating procedural barriers not found in law; (b) failing to provide proper notice of hearings; (c) denying access to court records; (d) rescheduling hearings without adequate notice, including moving the May 7, 2025 hearing to May 21, 2025; and (e) participating in the pattern of obstruction.

27. **Defendant ANTHONY MAZZELLA** is Adoption Clerk who violated Plaintiffs' rights by: (a) creating administrative obstacles to adoption completion; (b) delaying processing beyond statutory deadlines; (c) participating in discriminatory treatment; (d) maintaining false records showing T.A.H. at a DHS address (Exhibit J); and (e) contributing to the 10+ year delay.

28. **Defendant KIMBERLY TOBIN** is Director of Common Pleas Court who violated Plaintiffs' rights by: (a) denying access to court records; (b) maintaining T.A.H.'s address as DHS facility despite PLC; (c) supervising discriminatory practices; (d) denying electronic filing access in violation of Local Rule 205.4; and (e) failing to ensure equal court access.

### E. Court-Appointed Individuals

29. **Defendant JAMES WINSTON MARTIN, ESQ.** violated Plaintiffs' rights by: (a) accepting appointment as GAL without notice to or consent from the legal custodian; (b) never meeting T.A.H. before purporting to represent her; (c) continuing to appear after receiving the March 1, 2025 cease and desist letter demanding withdrawal by March 5, 2025; (d) screaming at Ms. Smith in the courthouse hallway on February 12, 2025; and (e) filing briefs acknowledging "Under 23 Pa. C.S. 2711(a)(5), Ms. Smith is required to consent to the adoption" while acting contrary to her wishes (Exhibit E).

30. **Defendant MAUREEN PIE, ESQ.** replaced Lisa Visco and violated Plaintiffs' rights by: (a) participating without proper notice to legal custodian; (b) undermining Ms. Smith's authority; (c) filing a brief on July 2, 2025, admitting conflict of interest after being asked about conflicts in June 2025; (d) continuing to appear for a month despite knowing of conflict; and (e) stating in her January 10, 2025 brief "If Maternal Grandmother Carolyn Smith has sole Permanent Legal Custody of T.A.H., this Court may grant a petition for Child's adoption by the petitioner so long as Ms. Smith gives consent" while working against that consent (Exhibit F).

31. **Defendant LISA MARIE VISCO** violated Plaintiffs' rights by: (a) making false statements at the October 30, 2024 ex parte hearing, stating "Could you say that James Martin requested the home study and the child to appear next court date?" (Exhibit G, Transcript p. 9); (b) participating in secret proceedings; (c) receiving immediate phone accommodation when feeling "sick" without documentation while Dr. Harris Griffin's documented disabilities were ignored; and (d) creating false court records.

32. **Defendant AARON MIXON, ESQ.** violated Plaintiffs' rights by: (a) abandoning representation without proper withdrawal; (b) leaving Plaintiffs without counsel at critical junctures; (c) contributing to delays through negligent representation; and (d) failing to protect his clients' interests.

33. **Defendants JOHN/JANE DOES 1-10** are unknown DHS officials who participated in the obstruction, including those who failed to conduct family finding as required by 42 U.S.C. § 671(a)(29).

## FACTUAL ALLEGATIONS

### A. The Child's History and Termination of Parental Rights

34. T.A.H. was born on July 27, 2015, and tested positive for marijuana at birth, triggering DHS involvement through an Order of Protective Custody.

35. On July 27, 2015, the biological mother placed T.A.H. directly with Dr. Harris Griffin at the hospital. Both biological parents voluntarily relinquished their parental rights, with the biological mother having signed a voluntary adoption agreement on September 30, 2015, specifically for Dr. Harris Griffin to adopt T.A.H. (Exhibit K).

36. Formal termination decrees were entered on March 30, 2016, in Case No. CP-51-AP-0000026-2016, making T.A.H. legally free for adoption.

37. From birth through the present, T.A.H. has been cared for primarily by Plaintiffs, creating deep psychological parent-child bonds protected under Pennsylvania law. *T.B. v. L.R.M.*, 786 A.2d 913 (Pa. 2001).

## B. The 2021 PLC Order and Termination of DHS Jurisdiction

38. On February 4, 2021, the Honorable Allen Tereshko entered an Order in Case No. CP-51-AP-0000741-2018: (a) granting Ms. Smith Permanent Legal Custody; (b) dismissing dependency Case No. CP-51-DP-0002109-2015; and (c) stating "The dependent petition is hereby DISMISSED. DHS involvement is TERMINATED." (Exhibit L).

39. This Order had two critical legal effects: (a) vesting Ms. Smith with "all of the rights and duties which a guardian of the person of a minor would have" under 23 Pa.C.S. § 2711(a)(5), including the exclusive right to consent to adoption; and (b) terminating all DHS and dependency court jurisdiction. *In re G.B.*, 227 A.3d 364, 373 (Pa. Super. 2020).

40. Despite over four years of requests, Ms. Smith has NEVER received a copy of this Order—an ongoing per se violation of due process. *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 14 (1978).

41. On May 21, 2025, DHS attorneys suddenly produced what they claimed was the PLC Order, which allegedly contains language requiring "any custody modifications to go through PLC court." The failure to provide this Order for over four years while using it to justify continued interference violates fundamental fairness.

42. Court records continue to list T.A.H.'s address as a DHS facility despite jurisdiction terminating in 2021 (Exhibit J), demonstrating Defendants' refusal to acknowledge jurisdictional limits.

## C. Discovery of Birth Mother Fraud - July 2, 2025

43. On July 2, 2025, through Judge Irvine's dismissal opinion (Exhibit N), Plaintiffs discovered shocking evidence: (a) the biological mother's voluntary consent dated September 30, 2015 (Exhibit K) was specifically for Dr. Harris Griffin to adopt after placing the child with her at birth; (b) DHS withdrew this voluntary consent despite knowing of and monitoring the family placement; (c) DHS pursued involuntary termination instead; (d) DHS attempted stranger adoption while concealing the truth; and (e) this fraud was concealed for nearly a decade. This fraud is compounded by the fact that DHS was visiting Dr. Harris Griffin's home monthly and later the grandmother Carolyn Smith, observing T.A.H. thriving in the exact family placement the biological mother intended, while simultaneously pursuing stranger adoption behind the family's back.

44. This discovery date triggers the discovery rule for statute of limitations purposes on all related claims.

45. On December 11, 2024, when Dr. Harris Griffin attempted to explain the biological mother's wishes, she was silenced: "THE COURT: I don't need to hear about that" (Exhibit H, Transcript p. 14).

## D. The Failed Prior Adoption Attempt

46. On January 15, 2019, Ms. Smith first executed written consent for Dr. Harris Griffin to adopt T.A.H., recognizing bonds formed over years of caregiving.

47. At the January 15, 2019 hearing, Judge Grey declared the contested adoption "moot" (Exhibit AA), but no explanation was provided for why a grandmother's consent to adoption by a relative would be moot.

## E. The Current Adoption Petition and Statutory Violations

48. Dr. Harris Griffin filed the current adoption petition on April 25, 2024, with all requirements met (Exhibit M).

49. On May 7, 2024, Ms. Smith executed formal, notarized Consent to Adoption pursuant to 23 Pa.C.S. § 2711(a)(5) (Exhibit C).

50. Under Pennsylvania law: (a) 23 Pa.C.S. § 2530(c) required a hearing by May 25, 2024 (30 days); (b) 23 Pa.C.S. § 2724(a) required completion by July 24, 2024 (90 days); and (c) 23 Pa.C.S. § 2902(a) mandates adoptions "shall be completed without unnecessary delay."

51. All deadlines were violated: (a) First hearing: October 30, 2024 (157 days late); (b) Completion: Still pending after 500+ days; (c) Dismissed: July 2, 2025 (433 days after filing).

52. On July 12, 2024, Judge Murphy found all adoption requirements satisfied (Exhibit II), yet Defendants continued obstruction for another year.

## F. Secret Hearings Without Notice

53. On October 30, 2024, Defendants conducted a hearing without notice to either Plaintiff (Exhibit G).

54. At this ex parte proceeding, Visco falsely claimed: "Could you say that James Martin requested the home study and the child to appear next court date?" (Exhibit G, Transcript p. 9). Martin had never met T.A.H.

55. On May 21, 2025, another hearing occurred without notice to Ms. Smith, the legal custodian (Exhibit I).

56. Judge Irvine issued an Order: "Attorney Pié (Child Advocate) is granted access to the Dependency Docket associated with this case (CP-51-DP-00002109-2015). Attorney Martin (GAL) is granted access to the Dependency Docket associated with this case

(CP-51-DP-00002109-2015)." This Order is legally void as it grants access to a case dismissed in 2021.

## G. December 11, 2024: Threats and Silencing

57. At the December 11, 2024 hearing, Mon threatened: "if the PLC's vacated then the child comes back to DHS" (Exhibit H, Transcript p. 21).

58. This threat was: (a) legally false—DHS has no authority over a child not in their jurisdiction; (b) designed to intimidate; and (c) made in bad faith.

59. When Dr. Harris Griffin attempted to address false allegations, Judge Irvine stated: "I haven't seen any motions" (Exhibit H, Transcript p. 9), despite multiple pro se filings on record.

60. Dr. Harris Griffin was then improperly sworn as a witness to silence her: "THE COURT: Since she's testified at this point, yes... Can I get you to raise your right hand?" (Exhibit H, Transcript p. 16).

## H. The False Legal Brief

61. On January 17, 2025, Mon filed an "Amicus Response" containing this deliberately false statement: "The answer to both questions is a clear 'No.' A PLC custodian does not have the authority to unilaterally transfer or cause the transfer of custody of the child to another person, such as through an adoption." (Exhibit D).

62. This contradicts: (a) 23 Pa.C.S. § 2711(a)(5); (b) Martin's Brief: "Under 23 Pa. C.S. 2711(a)(5), Ms. Smith is required to consent to the adoption" (Exhibit E); (c) Pie's Brief: "this Court may grant a petition for Child's adoption...so long as Ms. Smith gives consent" (Exhibit F); and (d) controlling precedent.

63. Mon's false statement violates Pa.R.P.C. 3.3(a)(1) and constitutes fraud upon the court.

## I. Cease and Desist Ignored

64. On May 6, 2025, Ms. Smith sent comprehensive cease and desist letters via certified mail to all City Defendants (Exhibit A).

65. The letter stated: "I, Carolyn Smith, as the permanent legal custodian of my granddaughter T.A.H., hereby formally demand that the City of Philadelphia, its Law Department, and its representatives immediately CEASE AND DESIST all unauthorized interference in the pending adoption proceedings."

66. The letter provided 48 hours for compliance and warned of federal lawsuit.

67. On May 13, 2025, additional notice was sent to supervisors about Mon's false brief (Exhibit B).

## J. May 21, 2025: "I Don't Want You Here"

68. Fifteen days after the cease and desist, Defendants appeared at the May 21, 2025 hearing without notice to Ms. Smith.

69. Dr. Harris Griffin explicitly stated to Mon: **"I don't want you here."** Mon responded: **"I'm staying."** (Exhibit I, p. 7). This exchange demonstrates complete disregard for party autonomy and the rule of law.

70. Mon refused to leave. Mirtenbaum witnessed and supported this defiance.

71. This refusal demonstrates complete disregard for party autonomy and the rule of law.

## K. Disparate Treatment - ADA Violations

72. Dr. Harris Griffin submitted over 30 ADA accommodation requests supported by medical documentation (Exhibits Q and S).

73. All requests were denied or ignored.

74. When white attorney Visco felt "sick" without documentation, she received immediate phone accommodation (Exhibit R).

75. This disparate treatment violates Title II of the ADA. *Tennessee v. Lane*, 541 U.S. 509 (2004).

## L. Criminal Complaint and Retaliation

76. On May 16, 2025, Dr. Harris Griffin filed a criminal complaint with the Philadelphia District Attorney against Mon for: (a) unauthorized practice of law; (b) obstruction of justice; (c) official oppression; and (d) intimidation.

77. Following each assertion of rights, Defendants retaliated with increased obstruction: (a) After 2019 consent: new obstacles; (b) After 2024 consent: secret hearings; (c) After cease and desist: defiant appearance; (d) After criminal complaint: dismissal of adoption.

## M. Family Finding Violations

78. Despite federal law requiring family finding within 30 days under 42 U.S.C. § 671(a)(29), no family finding report exists.

79. Exhibit O shows Deputy Commissioner Harrison's involvement in attempted non-relative adoption without: DHS's failure to pursue the mother's chosen placement is particularly egregious given that DHS conducted monthly home visits to Dr. Harris Griffin's residence for several years, documenting the child's thriving in this placement. (a) family finding documentation; (b) attempts to contact relatives; (c) notice to available family; (d) consideration of Dr. Harris Griffin who cared for T.A.H. since birth.

## N. Ongoing Daily Violations

80. As of September 9, 2025, the following violations continue daily: (a) Ms. Smith has never received the PLC Order; (b) T.A.H.'s address remains listed at DHS; (c) Electronic

filing access denied; (d) All records withheld; (e) DHS maintains involvement without jurisdiction.

81. Each day without legal recognition causes: (a) T.A.H. asks about adoption daily; (b) Cannot enroll in school with family name; (c) No legal protections for medical decisions; (d) Denied tax benefits and insurance coverage; (e) Ongoing psychological harm documented by treating physicians.

## O. Pattern of Discrimination

82. Upon information and belief, discovery will reveal: (a) Adoptions for other families complete within 90 days; (b) This Black family has faced 10+ years of obstruction; (c) Multiple attorneys appointed for this family, none for others; (d) Secret hearings conducted against this family; (e) Electronic filing denied to this family. a. The systemic nature is evidenced by: - White families receive electronic filing access, This Black family denied for 500+ days while White families complete adoptions per statutory requirement while this Black family obstructed for 3,650+ days

83. The July 2, 2025 hearing transcript shows T.A.H. stating: "I'm here for my adoption" (Exhibit T), demonstrating the child's own understanding and desire for permanency. This poignant statement from a 10-year-old child who has waited her entire life for legal recognition underscores the human cost of Defendants' decade-long obstruction. This demonstrates not only the child's understanding of the proceedings but also the cruel irony that while a 10-year-old child knows exactly why she's in court, Defendants continue to obstruct the very outcome she seeks.

## P. Damages

84. **Dr. Harris Griffin's compensable harm includes:** Dr. Harris Griffin has been diagnosed with disabilities qualifying under the ADA, including anxiety and depressive disorders, as a direct result of Defendants' decade-long campaign of constitutional violations. The specific nature and extent of these conditions will be proven at trial through medical evidence. Her documented harm includes: (a) Required psychiatric medications; (b) Work accommodations needed; (c) Medical expenses exceeding $100,000; (d) Lost wages exceeding $2,000,000.

85. **Ms. Smith's compensable harm includes:** a. Medical treatment for stress-induced conditions: Amount to be proven at trial b. Lost enjoyment of retirement years: Substantial non-economic damages c. Pain and suffering from decade of governmental interference: To be determined.

86. **T.A.H. 's future needs include:** a. Therapeutic intervention for adoption-related trauma: Estimated $500,000 b. Educational support due to identity/enrollment issues: To be determined c. Ongoing medical and psychological care: Substantial future costs.

87. **Economic losses documented or reasonably estimated: Economic losses documented or reasonably estimated: : a.** Health insurance (family coverage denied): $2,500,000 over 10 years b. Private school necessitated by enrollment issues: $1,000,000 c. Lost tax benefits (dependency exemptions): $400,000 d. Family therapy costs: $1,000,000 e. Additional medical expenses: To be determined at trial f. Lost career opportunities: To be determined at trial. **87a. Summary of Damages:** Based on documented and estimated losses, Plaintiffs seek total damages of $50,127,000, consisting of: Compensatory damages: $35,127,000 (including documented economic losses of approximately $5,000,000 and non-economic damages for pain, suffering, and loss of family integrity) and Punitive damages: $15,000,000 (to deter future violations). This amount, while substantial, is proportionate to: The fundamental rights violated (family integrity); The extreme duration of violations (10+ years); The vulnerability of the child victim; The need for deterrence of systemic discrimination; The number of defendants and their deliberate conduct.

## Q. EXHAUSTION OF REMEDIES AND TIMELINESS

88. Plaintiffs have exhausted all available remedies:

- January 15, 2019: First adoption attempt (dismissed as "moot" Judge required adoption to be filed against the grandmother PLC holder and dismissed DHS)

- May 7, 2024: Second formal consent executed

- December 24, 2024: Cease and desist to attorneys

- March 1, 2025: Cease and desist to GAL Martin

- May 6, 2025: Comprehensive cease and desist to all

- May 16, 2025: Criminal complaint filed

- July 2, 2025: State court dismissal (discovery date)

- Currently: Appeal pending

89. This action is timely filed within applicable limitations periods, with continuing violations tolling all claims.

## CLAIMS FOR RELIEF

## COUNT I

**Procedural Due Process - 42 U.S.C. § 1983**
**(Both Plaintiffs against All Defendants)**

90. Plaintiffs incorporate paragraphs 1-87.
91. The Due Process Clause requires notice and opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).
92. Defendants violated procedural due process by: (a) conducting hearings without notice on October 30, 2024 and May 21, 2025; (b) withholding the PLC Order for over four years; (c) denying electronic filing access; (d) ignoring pro se filings; (e) conducting proceedings in bad faith; (f) silencing Dr. Harris Griffin when she attempted to respond.
93. Under *Mathews v. Eldridge*, 424 U.S. 319 (1976), the private interest (family) is fundamental, risk of error was extreme (secret hearings), and government had no legitimate interest (no jurisdiction).
94. These violations caused severe damages.

**COUNT II**

**Substantive Due Process - 42 U.S.C. § 1983**
**(Both Plaintiffs against All Defendants)**

93. Plaintiffs incorporate paragraphs 1-87.
94. The right to family integrity is fundamental. *Troxel v. Granville*, 530 U.S. 57 (2000).
95. Defendants' decade-long obstruction shocks the conscience: (a) Ten years versus 90 days required; (b) Refusing to leave when told "I don't want you here"; (c) Threatening removal without authority; (d) Filing false legal documents; (e) Converting voluntary to involuntary termination.
96. No legitimate interest justifies interference. *County of Sacramento v. Lewis*, 523 U.S. 833 (1998).

**COUNT III**

**Equal Protection - 42 U.S.C. § 1983**
**(Both Plaintiffs against All Defendants)**

97. Plaintiffs incorporate paragraphs 1-87.
98. Defendants subjected Plaintiffs to disparate treatment without rational basis: (a) Electronic filing denied while attorneys have access; (b) Multiple attorneys appointed while others have none; (c) Secret hearings while others get notice; (d) Ten years while others complete in 90 days.
99. Discovery will reveal racial and class-based discrimination.

**COUNT IV**

**Conspiracy - 42 U.S.C. § 1985(3)**
**(Both Plaintiffs against Individual Defendants)**

100. Plaintiffs incorporate paragraphs 1-87.
101. Defendants conspired to deprive equal protection: (a) All received cease and desist May 6, 2025; (b) All appeared May 21, 2025 in coordinated defiance; (c) Maintained identical false position on PLC authority; (d) Pattern of retaliation.
102. *Griffin v. Breckenridge*, 403 U.S. 88 (1971).

## COUNT V

**Failure to Prevent - 42 U.S.C. § 1986**
**(Both Plaintiffs against Supervisory Defendants)**

103. Plaintiffs incorporate paragraphs 1-87.
104. Ali, Harrison, Harley, Aversa, McHale, and Mirtenbaum knew of violations and had power to prevent them but failed to act.
105. Liability under *Rogin v. Bensalem Township*, 616 F.2d 680 (3d Cir. 1980).

## COUNT VI

**First Amendment Retaliation - 42 U.S.C. § 1983**
**(Both Plaintiffs against All Defendants)**

106. Plaintiffs incorporate paragraphs 1-87.
107. Protected activity (cease and desist, court filings, criminal complaint) met with retaliation (increased obstruction, dismissal).
108. *Estate of Smith v. Marasco*, 318 F.3d 497 (3d Cir. 2003).

## COUNT VII

**Access to Courts - 42 U.S.C. § 1983**
**(Both Plaintiffs against Court Defendants and Strauss)**

109. Plaintiffs incorporate paragraphs 1-87.
110. Defendants denied court access through: (a) electronic filing discrimination; (b) secret proceedings; (c) withholding documents; (d) ignoring filings.
111. *Bounds v. Smith*, 430 U.S. 817 (1977).

## COUNT VIII

**Family Privacy - 42 U.S.C. § 1983**
**(Both Plaintiffs against All Defendants)**

112. Plaintiffs incorporate paragraphs 1-87.
113. Violations include: (a) secret proceedings about family; (b) false address listings; (c) strangers making family decisions; (d) public stigma.
114. *Whalen v. Roe*, 429 U.S. 589 (1977).

## COUNT IX

**Federal Family Finding - 42 U.S.C. § 671(a)(29)**
**(Both Plaintiffs against City, Ali, Harrison, Harley)**

115. Plaintiffs incorporate paragraphs 1-87.
116. Complete absence of required family finding violates federal law.

## COUNT X

**Monell Liability - 42 U.S.C. § 1983**
**(Both Plaintiffs against City of Philadelphia)**

117. Plaintiffs incorporate paragraphs 1-87.
118. City policies caused violations: (a) denying electronic filing; (b) allowing appearances without standing; (c) ignoring cease and desist; (d) no family finding; (e) inadequate training.
119. Final policymakers ratified violations.

## COUNT XI

**Title II ADA - 42 U.S.C. § 12132**
**(Dr. Harris Griffin against City and Court Defendants)**

120. Plaintiffs incorporate paragraphs 1-87.
121. Denial of accommodations while granting to non-disabled violates ADA.
122. *Tennessee v. Lane*, 541 U.S. 509 (2004).

## COUNT XII

**Intentional Infliction of Emotional Distress**
**(State Law - Both Plaintiffs against Individual Defendants)**

123. Plaintiffs incorporate paragraphs 1-87.
124. Ten-year obstruction, threats, false documents, and defiance exceed all bounds of decency.
125. Severe emotional distress documented.

## COUNT XIII

**Fraudulent Concealment**
**(State Law – Both Plaintiffs against All Defendants)**

126.    Plaintiffs incorporate paragraphs 1-87.

127.    Concealing birth mother's voluntary consent for decade constitutes fraud tolling limitations.

## COUNT XIV

**Abuse of Process**
**(State Law – Both Plaintiffs against All Defendants)**

128.    Plaintiffs incorporate paragraphs 1-87.

129.    Using adoption proceedings to prevent adoption perverts the legal process.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs request this Court:**

A. **EXPEDITED CONSIDERATION** given the minor child's age (10 years) and ongoing daily harm from lack of legal recognition;

B. **IMMEDIATELY ENJOIN** Defendants from further interference;

C. **DECLARE** Defendants' actions violate the Constitution;

D. **ORDER** correction of false records;

E. **ORDER** the City of Philadelphia to submit quarterly reports to this Court for five years documenting: 1. Average adoption processing times broken down by race. 2. Number of adoptions pending beyond statutory deadlines. 3. Remedial measures taken to address any disparities. 4. Compliance with 23 Pa.C.S. § 2908 (90-day requirement). Such reports to be filed publicly to ensure transparency and accountability;

F. **AWARD compensatory and punitive damages in the total amount of $50,127,000, consisting of:** 1. Economic damages: $5,000,000 (documented and estimated); 2. Non-economic damages: $30,127,000 (pain, suffering, and loss of family integrity); 3. Punitive damages: $15,000,000 (to deter future violations);

G. AWARD attorneys' fees and costs under 42 U.S.C. § 1988;

H. RETAIN JURISDICTION to ensure compliance;

I. GRANT such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand jury trial on all claims.

Respectfully submitted,

*Carolyn Smith*

Carolyn Smith, Pro Se
3330 Potter Street
Philadelphia, PA 19134
267-298-8002
phillyfacesorg@gmail.com

Dr. Tamiera Harris Griffin, Pro Se
2119 Granite Street
Philadelphia, PA 19124
tamiera.harris@gmail.com
215-987-6860

Dated: September 9, 2025

**VERIFICATION**

**VERIFICATION OF CAROLYN SMITH**

I, Carolyn Smith, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1. I am a Plaintiff in the above-captioned action and the Permanent Legal Custodian of T.A.H.;
2. I have read the foregoing Complaint for Violations of Civil Rights;
3. The factual allegations contained therein are true and correct to the best of my knowledge, information, and belief;
4. I have personal knowledge of the facts stated herein, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true;
5. I understand that false statements herein are subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Executed on this 9th day of September, 2025, at Philadelphia, Pennsylvania.

*Carolyn Smith*
Carolyn Smith

**VERIFICATION OF DR. TAMIERA HARRIS GRIFFIN**

I, Dr. Tamiera Harris Griffin, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1. I am a Plaintiff in the above-captioned action and the prospective adoptive parent of T.A.H.;
2. I have read the foregoing Complaint for Violations of Civil Rights;
3. The factual allegations contained therein are true and correct to the best of my knowledge, information, and belief;
4. I have personal knowledge of the facts stated herein, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true;
5. I understand that false statements herein are subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Executed on this 9th day of September, 2025, at Philadelphia, Pennsylvania.

Dr. Tamiera Harris Griffin